NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
DAVID T. RYAN (Cal. Bar No.295785)
Assistant United States Attorney
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4491
     Facsimile: (213) 894-2979
     E-mail:    david.ryan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 84-972-VAP |
| Plaintiff, | GOVERNMENT'S UNOPPOSED EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE RESPONSE TO NON-PARTY FUGITIVE MEDIA'S REQUEST TO UNSEAL DOCUMENTS; DECLARATION OF DAVID RYAN |
| v. | |
| RICHARD W. MILLER, et al., | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney David Ryan, hereby submits this unopposed ex parte application for extension of time to file a response to the Request to Unseal Exhibits and Transcripts Or, In The Alternative, View Sealed Documents (the "Request"), filed on February 27, 2019, by non-party Fugitive Media.

//

//

This application is based upon the attached declaration of David Ryan, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 17, 2019                    Respectfully submitted,

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division


   /s/
DAVID T. RYAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**DECLARATION OF DAVID T. RYAN**

I, David T. Ryan, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office (USAO) for the Central District of California. I am one of the attorneys representing the government in this case.

2. In October 1984, defendant Richard Miller, a former Federal Bureau of Investigation ("FBI") agent, and two alleged representatives of the Soviet Union, Svetlana Ogorodnikova and Nikolay Ogorodnikova, were charged with various offenses relating to the alleged delivery by Miller of confidential information to the Ogorodnikovas. In 1986, the Ogorodnikovas pleaded guilty, and Miller was convicted at trial. Miller's conviction was overturned by the Ninth Circuit in 1989, and he was convicted again in a retrial in 1990.

3. On February 27, 2019, non-party Fugitive Media submitted a "Request to Unseal exhibits and transcripts or, in the alternative, view sealed documents" (the "Request"). (Dkt. 1318). The Request seeks an order from the Court to unseal or allow Fugitive Media to view "all sealed documents" filed in this case, on the ground that "the Court has not demonstrated that it has met the burden of proof required to keep the requested documents sealed." (Id.).

4. On April 9, 2019, Fugitive Media identified transcripts of proceedings on 31 specific dates, as well as certain exhibits, which it expressed a particular interest in obtaining by May 31, 2019.

5. On April 23, 2019, the Court issued an Order directing the government to respond to the Request as to the subset of documents identified by Fugitive Media by May 17, 2019, and ordering the

Clerk's office to provide a copy of sealed documents in this case to the government.  (Dkt. 1323).

6. On April 25, 2019, I received a hard drive from the Clerk's office containing sealed documents in the Court's records.  The hard drive contains approximately 200 docket entries that were filed under seal.

7. Based on my review of the documents on the hard drive, the hard drive contains at least several hundred pages of materials that were filed in camera and under seal pursuant to the procedures established for handling classified information under the Classified Information Procedures Act ("CIPA").

8. Based on my review of the documents on the hard drive, the hard drive contains only two of the 31 transcripts specifically identified by Fugitive Media on April 9, 2019, and does not contain the exhibits specifically identified by Fugitive Media.

9. Based on my review of the documents on the hard drive, certain of the documents appear to contain materials that, if improperly disclosed or disseminated, could pose a serious or grave threat to the national security of the United States.  Accordingly, on May 16, 2019, I contacted the Court Information Security Officer, Scooter Slade, to review the Court's records to determine whether certain materials in the sealed case file are subject to classification and ensure that such materials are stored and handled in accordance with proper classification procedures.  Mr. Slade agreed to meet with me on Monday, May 20, 2019, to begin reviewing the matter.

10. On May 17, 2019, I spoke to Elizabeth Wilson, the representative for Fugitive Media, by phone, regarding the foregoing.

1  Ms. Wilson and I spoke with multiple representatives from the Clerk's
2  office and inquired about the apparent absence of a significant
3  number of documents.  The Clerk's office informed us that there may
4  be additional sealed and unsealed physical records located at the
5  Federal Records Center in Riverside that had not previously been
6  provided in response to Ms. Wilson's requests for unsealed records or
7  to the government's request for sealed records.  The Clerk's office
8  indicated it was unaware of both the location and quantity of the
9  remaining records, and stated that they would make an attempt to
10 locate them.   The Clerk's office indicated that they would request
11 the physical records from the Federal Records Center later today.
12      11.  In light of these developments and the significant concern
13 regarding proper designation and handling of the materials referenced
14 above, the government seeks an extension of time to file a response
15 to the Request in order to: (1) determine whether materials in the
16 sealed case file provided by the Court are subject to classification
17 and establish, if necessary, procedures for handling and reviewing
18 such materials; and (2) conduct further records checks to locate the
19 records that Fugitive Media has requested but that were not contained
20 in the Court's records and not provided either to Ms. Wilson (in the
21 case of unsealed documents) or to the government (in the case of
22 sealed documents).
23 //
24 //
25
26
27
28

12. In light of the foregoing, the government proposes that the parties file a joint status report on May 31, 2019, regarding the status of the items set forth above. Before filing this application, I sent a copy of it to Ms. Wilson, who informed me that she does not oppose the application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that this declaration is executed at Los Angeles, California, on May 17, 2019.

                                    */s/ David T. Ryan*
                                    DAVID T. RYAN

4